UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SABRINA JACKSON,

                 Plaintiff,

         -against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

                 Defendant.
-----------------------------------------------------------------X

**ORDER**
25-CV-00493-SJB-ST

**BULSARA, United States District Judge:**

Before the Court is the application to proceed *in forma pauperis* ("IFP") filed *pro se* by Sabrina Jackson ("Plaintiff"). (Mot. for Leave to Proceed *In Forma Pauperis* dated Feb. 3, 2025 ("IFP Mot."), Dkt. No. 5). For the reasons below, Plaintiff's application is denied without prejudice to renewal upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) ("Long Form"). Alternatively, Plaintiff may pay the $405.00 filing fee.

To qualify for IFP status, the Supreme Court has held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotations omitted).

Plaintiff's application does not include sufficient information for the Court to determine her qualification for IFP status. First, Plaintiff has declined to provide any information regarding her income and employment for "personal reasons." (IFP Mot. ¶ 2; Letter dated Feb. 3, 2025, attached to IFP Mot., Dkt. No. 5-1). Second, although

Plaintiff listed monthly expenses that total $2,787 for rent, utilities, food, car payments,

medical expenses, and credit card bills, she has omitted the monthly amount of each

expense, as the form requires.  (IFP Mot. ¶ 6).  Given Plaintiff's responses, it is

impossible for the Court to determine whether she qualifies to proceed IFP.

Accordingly, Plaintiff's IFP application is denied without prejudice to renewal.  Plaintiff

can best set forth her current financial position on the Long Form.  If Plaintiff is

financially supported by another person, she must include the financial information for

that person in the space on the Long Form marked "Spouse."  *See Fridman v. City of New*

*York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in*

*forma pauperis*, a court may consider the resources that the applicant has or can get from

those who ordinarily provide the applicant with the necessities of life, such as from a

spouse, parent, adult sibling or other next friend."  (quotations omitted)).

Alternatively, Plaintiff may pay the $405.00 filing fee.  Plaintiff is cautioned that,

once paid, there are no refunds of the filing fee regardless of the outcome of the case.[1]

Plaintiff is directed to either file the Long Form or remit the filing fee within two weeks

of the date of this Order or this action will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

Order would not be taken in good faith and therefore IFP status is denied for the

purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[1] Plaintiff should avail herself of the free resources provided by the *Pro Se* Legal
Assistance Program ("PSLAP") run by Hofstra Law School in deciding how to proceed.
Plaintiff may reach PSLAP by telephone at (631) 297-2575 or by email at
PSLAP@Hofstra.edu.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge


Date:   March 18, 2025
        Central Islip, New York